1

2

3

4

5

6

7

8                      UNITED STATES DISTRICT COURT

9                      SOUTHERN DISTRICT OF CALIFORNIA

10

11    RUFUS GRAY,                                    Civil No.    09cv0709-BEN (CAB)

                                    Petitioner,
12                                                   **REPORT AND RECOMMENDATION
                        v.                           FOR ORDER DENYING PETITIONER'S
13    STUART RYAN, Warden, et al.,                   MOTION FOR STAY AND ABEYANCE**

14                                   Respondent.     **[Doc. Nos. 20, 21 and 29]**

15

16         This Report and Recommendation is submitted to United States District Judge Roger T. Benitez

17   pursuant to 28 U.S.C. § 636(b) and Local Civil Rules 72.1(d) and HC.2 of the United States District for

18   the Southern District of California.  Currently before the Court is a motion to stay federal proceedings

19   while Petitioner Rufus Gray, a state prisoner proceeding *pro se* and in *forma pauperis*, exhausts claims 3

20   and 6 of his Second Amended Petition for writ of habeas corpus in the California Supreme Court.  For

21   the reasons discussed below, and having reviewed Petitioner's motion for stay and abeyance,

22   Respondent's opposition, Petitioner's reply, and relevant legal authority, this Court **RECOMMENDS**

23   that the motion for stay and abeyance be **DENIED**.

24                              **I.  PROCEDURAL BACKGROUND**

25         On December 5, 2006, a jury convicted Petitioner of carjacking (counts one and four), first

26   degree robbery (counts two and six), attempted kidnapping (count three), kidnapping for the purpose of

27   robbery (count five), and kidnapping (count seven).  (Lodgment 1 at pp. 168-172.)  The jury also found

28   that Petitioner personally discharged a firearm, personally used a firearm, and was armed with a firearm.

                                        1                                    09cv709

1  (Lodgment 2 at pp. 321-30.)  The trial court sentenced Petitioner to a determinate term of 39 years and

2  an indeterminate term of life with parole.  (Lodgment 2 at pp. 332-33.)

3        On June 25, 2007, Petitioner appealed his conviction to the California Court of Appeal.  In his

4  appeal, he made the following claims:  (1) there was insufficient evidence to support the jury's guilty

5  verdicts on counts 1 through 3 and the corresponding enhancements because the victim did not identify

6  him, and although Petitioner's fingerprints were found on the victim's car, the prosecution could not

7  establish when Petitioner may have left his fingerprints on the car; (2) the court committed reversible

8  error in failing to instruct the jury on the lesser included offense of kidnapping when it instructed the

9  jury on the greater offense of kidnapping for the purpose of robbery; (3) Petitioner's convictions for

10  robbery and kidnapping should be reversed because they are necessarily included in his conviction for

11  kidnapping for robbery; (4) if Petitioner's convictions for kidnapping and robbery are not reversed, the

12  sentences on those counts should be stayed pursuant to Penal Code section 654; (5) the court violated

13  Petitioner's constitutional rights when the court sentenced him to the upper-term on count 1; and (6) the

14  jury's findings on the lesser firearm enhancements under section 12022, subdivision (a)(1) on counts 1

15  through 7 should be stricken.  (Lodgment 6 at p. 2.)  On July 1, 2008, the Court of Appeal rejected

16  Petitioner's claims except that it reversed his conviction for kidnapping in count seven.  (*Id.*)

17        On August 6, 2008, Petitioner filed a Petition for Review in the California Supreme Court

18  raising four of the issues raised in the Court of Appeal but omitting issues 3 and 6 outlined above.

19  (Lodgment 7.)  The Petition for Review was denied on October 16, 2008, becoming final on January 14,

20  2008.  (Lodgment 8.)

21        Petitioner then filed a federal Petition for Writ of Habeas Corpus in this Court on April 8, 2009.

22  [Doc. No. 1.]  On May 7, 2009, the Petition was dismissed for failure to name a proper respondent.

23  [Doc. No. 2.]  On May 14, 2009, the Court entered an order notifying Petitioner of possible failure to

24  exhaust and the one-year statute of limitations.  [Doc. No. 3.]  Petitioner filed a First Amended Petition

25  on June 10, 2009.  [Doc. No. 6.]  On July 9, 2009, the Court entered an order dismissing the First

26  Amended Petition because it was not complete in and of itself.  [Doc. No. 9.]  Petitioner filed a Second

27  Amended Petition on August 5, 2009.  [Doc. No. 12.]

28  / / /

1    On March 15, 2010, Petitioner filed a Motion for Stay and Abeyance. [Doc. No. 20.] On

2  April 21, 2010, Respondents filed an opposition to the Motion for Stay and Abeyance. [Doc. No. 21.]

3  On June 30, 2010, Petitioner filed a reply to the Motion for Stay and Abeyance. [Doc. No. 29.] In

4  Petitioner's motion for stay and abeyance, he admits that his appellate counsel failed to raise claims

5  three and six of his Second Amended Petition in the California Supreme Court and therefore they are

6  unexhausted. (*See* Motion at p. 1.) Petitioner argues, however, that good cause exists for his failure to

7  exhaust, his claims are potentially meritorious, and he has not engaged in dilatory litigation tactics.

8  (Reply at pp. 5-6.) Respondent counters that the motion for stay and abeyance should be denied because

9  the claims are time-barred, Petitioner failed to show good cause for not exhausting the claims, and

10  Petitioner failed to show the claims are not plainly meritless. (Opposition at pp. 3-8.)

11                                          **II.  DISCUSSION**

12    A federal court cannot consider a petition for habeas corpus unless the petitioner exhausted all of

13  his claims by presenting them to the state courts first. 28 U.S.C. § 2254(b)(1)(A); *Rose v. Lundy*, 455

14  U.S. 509, 522 (1982). This total exhaustion requirement is premised on federal-state comity as state

15  courts should have the first opportunity to correct alleged violations of prisoners' federal rights. *Lundy*,

16  455 U.S. at 518. Therefore, when a petition for habeas corpus contains both exhausted and unexhausted

17  claims, the district court must dismiss the "mixed petition" without prejudice and allow the petitioner to

18  return to state court to present the unexhausted claims. *Id.* at 510.

19    The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") preserved the total

20  exhaustion requirement but also imposed a one-year statute of limitations on all federal habeas petitions.

21  28 U.S.C. §§ 2244(d) & 2254(b)(1)(A). Accordingly, each claim in a habeas petition must be exhausted

22  and presented to the federal court within the one-year period or it is forfeited. *Id.* The statute of

23  limitations is not tolled by the filing of a federal habeas petition so a federal petitioner seeking to return

24  to state court to exhaust claims in a mixed petition must do so and re-present the newly exhausted claims

25  within the one-year period. *See Rhines v. Weber*, 544 U.S. 269, 274-75 (2005). Because of the

26  interplay between the total exhaustion requirement and the one-year statute of limitations, petitioners

27  with mixed petitions "run the risk of forever losing their opportunity for any federal review of their

28  unexhausted claims." *Id.* at 275.

3                                                                                      09cv709

1    In recognition of this difficulty, the Supreme Court held that federal courts may issue "stay and

2  abey" orders under appropriate circumstances to permit petitioners to return to state court to exhaust

3  previously unexhausted claims before proceeding with their federal petitions. *Id.* at 275-76.  In so

4  holding, the Supreme Court noted that, while the procedure should be "available only in limited

5  circumstances," it "likely would be an abuse of discretion for a district court to deny a stay and to

6  dismiss a mixed petition if the petitioner had good cause for his failure to exhaust, his unexhausted

7  claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally

8  dilatory litigation tactics." *Id.* at 270.  When a petitioner has met these requirements, his interest in

9  obtaining federal review of his claims outweighs the competing interests in finality and speedy

10  resolution of federal petitions.  *Id.*

11  **A.    Statute of Limitations Issue as to Unexhausted Claims.**

12    Respondents argue that the AEDPA statute of limitations in this case expired on January 14,

13  2010 and since Petitioner did not seek leave to file a motion for stay and abeyance until February 19,

14  2010, his unexhausted claims are untimely.  The original Petition was constructively filed on April 8,

15  2009. [Doc. No. 1.]  The Petition was dismissed because Petitioner failed to name a proper respondent.

16  [Doc. No. 2.]  The Court expressly retained jurisdiction of this matter until July 1, 2009, and granted

17  Petitioner leave to file a First Amended Petition which named a proper respondent on or before that

18  date.  [*Id.*]  Petitioner constructively filed the First Amended Petition on June 10, 2009, within the

19  original deadline.  [Doc. No. 6.]  On July 6, 2009, the Court dismissed the petition as it was not

20  complete in and of itself because Petitioner had referred back to his initial petition.  [Doc. No. 9.]  The

21  Court again retained jurisdiction and allowed Petitioner to file a second amended petition on or before

22  August 21, 2009.  [*Id.*]  Petitioner constructively filed the Second Amended Petition on August 5, 2009.

23  [Doc. No. 12.]

24    Petitioner raised claim six of the Second Amended Petition in his initial petition and claim three

25  of the Second Amended Petition in his First Amended Petition.  Petitioner raised both claims in the

26  Second Amended Petition though on August 5, 2009.  Therefore, at the latest, Petitioner raised claims

27  three and six on August 5, 2009, five months before the statute of limitations ran on his claims.  A

28  motion for stay and abeyance allows a petitioner to request a stay of a mixed petition so that he can

1   present unexhausted claims in that petition to the state court rather than have them dismissed and re-

2   filed later in federal court, thereby risking a statute of limitations violation. *Rhines*, 544 U.S. at 275-76.

3   Thus, Respondents' argument that claims three and six are time-barred is rejected as Petitioner raised

4   these claims, albeit prior to exhaustion, on August 5, 2009, and has requested that his federal habeas

5   corpus petition be held in abeyance so that he can return to state court to properly exhaust them.

6   **B.  Good Cause for Failure to Exhaust.**

7       In *Rhines*, the Supreme Court did not explain what showing would satisfy the requirement that a

8   habeas petitioner demonstrate "good cause" for a prior failure to exhaust.  Following *Rhines*, the Ninth

9   Circuit opined that "good cause" for failure to exhaust requires something less than "extraordinary

10  circumstances." *Jackson v. Roe*, 425 F.3d 654, 662 (9th Cir. 2005).  More recently, the Ninth Circuit

11  provided additional guidance in *Wooten v. Kirkland*, 540 F.3d 1019 (9th Cir. 2008).

12      In *Wooten*, the petitioner argued that he had good cause for his failure to exhaust because he was

13  under the impression that counsel raised all issues from his California Court of Appeal petition in his

14  petition before the California Supreme Court. *Id.* at 1024.  In rejecting that argument, the Ninth Circuit

15  explained that although good cause does not require extraordinary circumstances, it must be interpreted

16  in light of the Supreme Court's instruction in *Rhines* that district courts should only stay mixed petitions

17  in limited circumstances. *Id.* at 1023-24.  The Court found that accepting the petitioner's reason for his

18  failure to exhaust as good cause would make stay and abey orders routine. *Id.*

19          Indeed, if the court was willing to stay mixed petitions based on petitioner's lack of
           knowledge that a claim was not exhausted, virtually every habeas petition, at least those
20         represented by counsel, could argue that he thought his counsel had raised an
           unexhausted claim and secure a stay.  Such a scheme would run afoul of *Rhines* and its
21         instruction that district courts should only stay mixed petitions in 'limited
           circumstances.'
22

23  *Wooten* at 1024.  In declining to adopt a "broad interpretation" of good cause, the Court moved away

24  from the more liberal standards previously enunciated by some district courts, and re-emphasized that

25  motions to stay and abey should only be granted in "limited circumstances." *Compare id.* (finding lack

26  of good cause when petitioner mistakenly believed his attorney exhausted all claims) *with Riner v.*

27  *Crawford*, 415 F. Supp. 2d 1207, 1211 (D. Nev. 2006) (stating good cause may be found when a

28  petitioner shows "he was prevented from raising the claims, either by his own ignorance or confusion

1   about the law or the status of his case").

2        In this case, Petitioner argues appellate counsel did not raise the two unexhausted claims in

3   contravention of his wishes and for reasons unknown to him.  Like in *Wooten*, every habeas petitioner

4   represented by counsel would be able to argue that appellate counsel failed to raise certain issues against

5   the petitioner's wishes to establish good cause.  *Hernandez v. California*, No. C08-4085,  2010 WL

6   1854416, at \*2 (N.D. Cal. May 6, 2010) (finding appellate counsel's refusal to present claims on appeal

7   is common occurrence of everyone with unexhausted claims).  If petitioner wanted to raise those issues

8   and appellate counsel disagreed with Petitioner, Petitioner could have raised them himself at that time.

9   Mere reliance on appellate counsel does not comport with the guidance offered in *Wooten* as to good

10  cause.  *Aguirre v. Harrington*, No. CV09-08337,  2010 WL 2680320, at \*4 (C.D. Cal. June 9, 2010).

11       Petitioner's additional arguments regarding good cause fail for similar reasons.  The Ninth

12  Circuit's guidance in *Wooten* again weighs against finding that Plaintiff's allegation of ineffective

13  assistance of counsel constitutes good cause.  Petitioner has not developed any ineffective assistance of

14  counsel argument; he has not argued how his counsel's performance fell below an objective standard of

15  reasonableness or how the deficient performance prejudiced him.  *See Wooten*, 540 F.3d at 1024 n.2.  If

16  a mere allegation of ineffective assistance of counsel established good cause, stay and abey orders

17  would be routine.  *Mora v. McDonald*, No. CV 08-08138, 2009 WL 2190182, at \*5 (C.D. Cal. July 17,

18  2009).

19       Lastly, Petitioner's claim that "he had no legal knowledge as to file his petition first in the state

20  court" does not constitute good cause.  A *pro se* prisoner's lack of legal training or knowledge is a

21  "routine circumstance in the prison population and does not establish good cause."  *Hernandez v.*

22  *California*, 2010 WL 1854416, at \*2; *see also Rojero v. Noll*, No. 09cv2047, 2010 WL 3212133, at \*3

23  (S.D. Cal. April 14, 2010); *Mora*, 2009 WL 2190182, at \*5.  Thus, Petitioner has not show good cause

24  for his failure to exhaust his two unexhausted claims and the motion to stay should be denied.

25  **C.  Merits of the Unexhausted Claims.**

26       Even if this Court found that Petitioner had established good cause, the motion to stay still

27  should be denied as the unexhausted claims lack merit.  *See Rhines*, 544 U.S. at 270.  In his motion to

28  stay, Petitioner is requesting to exhaust claims three and six of his Second Amended Petition.  In claims

1   three and six, Petitioner argues that he cannot be convicted of robbery and kidnapping because they are

2   lesser included offenses of kidnapping for robbery (claim three) and that he received an unauthorized

3   sentence enhancement on his firearm finding (claim six).  (Reply at pp. 5-6.)  Both of Petitioner's claims

4   are meritless, however, and this Court recommends that Petitioner's motion to stay and abey be denied.

5          Petitioner was convicted of robbery in count six, kidnapping in count seven, and kidnapping for

6   robbery in count five.  The California Court of Appeals reversed Petitioner's conviction for kidnapping

7   finding it is a lesser included offense of the crime kidnapping for robbery.  (Lodgment 6.)  Therefore,

8   that conviction is not at issue.

9          As to Petitioner's robbery conviction, the California Court of Appeal relied solely on its

10  interpretation of state law in concluding that robbery is not a lesser included offense of kidnapping for

11  robbery in rejecting Petitioner's claim on direct appeal.  (Lodgment 6 at pp. 13-15.)  The California

12  Supreme Court also has held that robbery is not a lesser included offense of kidnapping for robbery

13  based on California law.  *People v. Lewis II*, 43 Cal.4th 415, 518-19 (2008).  This Court is bound by

14  these decisions.  *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005); *see also Estelle v. McGuire*, 502 U.S.

15  62, 67-68 (1991) (reiterating that "it is not the province of a federal habeas court to reexamine state

16  court determinations on state law questions"); *Langford v. Day*, 110 F.3d 1380, 1389 (9th Cir.) ("We

17  accept a state court's interpretation of state law, ... and alleged errors in the application of state law are

18  not cognizable in federal habeas corpus."), *cert. denied*, 522 U.S. 881 (1997).  Therefore, claim three is

19  meritless and staying this petition to allow Petitioner to exhaust that claim would be futile.

20         Claim six is also meritless as it is not cognizable on federal habeas review.  Petitioner argues that

21  he received unauthorized sentence enhancements for principal armed with a firearm per California Penal

22  Code section 12022, subdivision (a)(1).  Petitioner contends that the enhancement should be stricken per

23  California Penal Code section 12022.53, subdivision (f) which states "[a]n enhancement involving a

24  firearm specified in Section . . . 12022 . . . shall not be imposed on a person in addition to an

25  enhancement imposed pursuant to this section."  The California Court of Appeal interpreted the

26  language of the statute and found that the trial court did not err in imposing and then staying the

27  enhancements.

28  / / /

09cv709

1    The sentencing error claim is not cognizable on federal habeas review because it solely involves

2    the interpretation and application of state sentencing law.  *Castillo v. Clark*, 610 F. Supp. 2d 1084,

3    1119-20 (C.D. Cal. 2009); *see also*, *Christian v. Rhode*, 41 F.3d 461, 469 (9th Cir. 1994); *Cacoperdo v.*

4    *Demosthenes,* 37 F.3d 504, 507 (9th Cir.1994), *cert. denied,* 514 U.S. 1026 (1995); *Hendricks v. Zenon,*

5    993 F.2d 664, 674 (9th Cir. 1993).  Moreover, under *Bradshaw,* 546 U.S. at 76, this Court is bound by

6    the California Court of Appeal's determination that the trial court properly followed California state law

7    in not striking the additional sentence enhancements.  Therefore, Petitioner's sixth claim is meritless and

8    granting Petitioner a stay to exhaust this claim would be meritless.  Accordingly, this Court recommends

9    that the motion to stay and abey be denied.

10   **D.  Dilatory Tactics.**

11       If Petitioner has good cause and potentially meritorious claims, the Court still should not grant a

12   motion for stay and abeyance where the petitioner engages in abusive litigation tactics or intentional

13   delay.  *Rhines*, 544 U.S. at 270.  Although there is no evidence that Petitioner has engaged in abusive

14   litigation tactics, there is also no evidence that Petitioner has attempted to diligently pursue these claims

15   in the state court.  Furthermore, the Court gave Petitioner notice on May 14, 2009 of his possible failure

16   to exhaust claims.  [Doc. No. 3.]  Petitioner, however, did not bring a motion to stay until March 15,

17   2010.

18                                 **III.  CONCLUSION**

19       In sum, this Court finds that Petitioner has not met the requirements set out in *Rhines* to warrant

20   a stay and abeyance of the Second Amended Petition.  As such, the Court **RECOMMENDS** that the

21   District Court issue an order: (1) approving and adopting this Report and Recommendation; and (2)

22   denying Petitioner's motion for stay and abeyance.

23       **IT IS ORDERED** that no later than **November 24, 2010**, any party to this action may file

24   written objections with the Court and serve a copy on all parties.  The document should be captioned

25   "Objections to Report and Recommendation."

26       **IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and

27   served on all parties no later than **ten days after being served with the objections**.  The parties are

28   / / /

1  advised that failure to file objections within the specified time may waive the right to raise those

2  objections on appeal of the Court's order.  *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

3

4  DATED:  October 27, 2010

5

6  **CATHY ANN BENCIVENGO**
   United States Magistrate Judge

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28