# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RUFUS GRAY, JR.,<br><br>                   Petitioner,<br>vs.<br><br>STUART RYAN, et al.,<br><br>                   Respondents. | CASE NO. 09-CV-709 BEN (KSC)<br><br>**ORDER DISMISSING MOTION FOR ACCEPTANCE OF UNTIMELY OBJECTIONS**<br><br>[Docket No. 72] |

On November 3, 2011, the Magistrate Judge issued a Report and Recommendation ("R&R") recommending denial of Rufus Gray, Jr.'s Second Amended Petition for habeas relief. The Court granted Petitioner several extensions of time in which to file his objections. He did not do so within the allotted time. On September 21, 2012, the Court adopted the R&R. Judgment was entered the same day.

A notice of appeal was served on October 23, 2012 and filed on October 26, 2012. (See ECF No. 69.) Before the appeal was resolved, Petitioner filed a motion asking this Court to accept his untimely objections to the R&R. (ECF No. 72.) The Court construes the latter as a motion to vacate the judgment pursuant to Fed. R. Civ. Proc. 60(b). The document was served on November 25, 2012 and filed on November 28, 2012.

1 | Petitioner's appeal is still pending. The question before the Court is whether
2 | it has jurisdiction to entertain Petitioner's Rule 60(b) motion. The Court concludes
3 | that it does not.

"As a general rule, the filing of a notice of appeal divests a district court of jurisdiction over those aspects of the case involved in the appeal." *Stein v. Wood*, 127 F.3d 1187, 1189 (9th Cir. 1997) (citations omitted). A district court lacks jurisdiction to entertain a Rule 60(b) motion filed after a notice of appeal. *See Katzir Floor & Home Design, Inc. v. M–MLS.com*, 394 F.3d 1143, 1148 (9th Cir. 2004). "To seek Rule 60(b) relief during the pendency of an appeal, the proper procedure is to ask the district court whether it wishes to entertain the motion, or to grant it, and then move [the Court of Appeal], if appropriate, for remand of the case." *Williams v. Woodford*, 384 F.3d 567, 586 (9th Cir. 2004) (citations and internal quotation marks omitted). Petitioner did not observe this procedure. As a result, the Court lacks jurisdiction to resolve the motion. *See Katzir Floor*, 394 F.3d at 1148 (vacating the district court's denial of a Rule 60(b) motion on the grounds that it lacked jurisdiction). Petitioner's motion is therefore dismissed.

//
//
//

Even if Petitioner had followed the proper procedure, the Court would not be inclined to grant the motion. "Rule 60(b) allows a party to seek relief from a final judgment, and request reopening of his case, under a limited set of circumstances including fraud, mistake, and newly discovered evidence." *Gonzalez v. Crosby*, 545 U.S. 524, 528 (2005). Petitioner states that because of a prison lockdown, he did not have meaningful access to the law library and could not file timely objections. Petitioner was given numerous extensions of time in which to file objections. In the Court's view, the circumstances do not warrant reconsideration.

**IT IS SO ORDERED**.

DATED: July 29, 2013

_____
Hon. Roger T. Benitez
United States District Judge