FILED

13 DEC -3 AM 11:51

CLERK U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

BY _DS_ DEPUTY

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF CALIFORNIA

| RUFUS GRAY, | CASE NO. 09-cv-709-BEN (KSC) |
|---|---|
| Petitioner, | **ORDER FINDING NOTICE OF APPEAL TO NINTH CIRCUIT WAS UNTIMELY** |
| vs. | |
| STUART RYAN, Warden, et al., | |
| Respondents. | |

Petitioner Rufus Gray filed a Petition for a Writ of Habeas Corpus pursuant to 18 U.S.C. § 2254. (Docket No. 1[1]). On September 21, 2012, this Court adopted the Report and Recommendation of U.S. Magistrate Judge Karen S. Crawford, and denied the Petition. (Docket No. 64). Final judgment was entered on September 21, 2012. (Docket No. 65). Petitioner appealed the denial of the Petition to the Ninth Circuit Court of Appeals. In February 2013, the Ninth Circuit dismissed his appeal for lack of jurisdiction because the record indicated that he had not filed a timely notice of appeal. (C.A. Docket No. 3). In March 2013, Petitioner moved for reconsideration of that decision. (C.A. Docket No. 4).

On October 2, 2013, the Ninth Circuit issued an Order remanding Petitioner's appeal to this Court for the limited purpose of determining whether Petitioner had filed a timely notice of appeal from this Court's final judgment. (C.A. Docket No. 13; D.C.

---

[1] All references to docket numbers refer to the district court's docket unless indicated otherwise. All references to the Court of Appeals docket are labeled "C.A."

- 1 -

09-cv-709

Docket No. 78). This Court issued an order directing the submission of declarations (Docket No. 79), and has received submissions from both parties.

## I. Deadline to Appeal

In order to appeal a final decision of a district court, an appellant must file a timely notice of appeal with the district clerk. FED. R. APP. P. 3(a)(1). If Petitioner failed to comply with the statutory filing deadline, the Court of Appeals lacks jurisdiction and cannot grant relief. *See Bowles v. Russell*, 551 U.S. 205, 209-10 (2007); *Browder v. Director, Dept. of Corrections of Illinois*, 434 U.S. 257, 264-65 (1978).

A notice of appeal in a civil case must be filed within 30 days. FED. R. APP. P. 4. If the final day falls on a Sunday, an additional day is granted. *See* FED. R. APP. P. 26(a)(1)©). This Court entered judgment against Petitioner on September 21, 2012. Petitioner was therefore required to file a notice of appeal by Monday, October 22, 2012. Petitioner does not dispute the fact that a notice of appeal filed on October 23 would be untimely, barring special circumstances.

## II. Petitioner's Effort to Appeal

Petitioner contends that on October 21, 2012, he completed a notice of appeal and proof of service, and placed the documents in an envelope. (Gray Decl. ¶ 2). He contends the envelope had prepaid postage and was addressed to the Ninth Circuit. (*Id.*) He states that the envelope was handed to the 3rd watch custody staff for mailing on October 21. (*Id.* ¶¶ 2, 4). The proof of service allegedly included the attorney general. (*Id.* ¶ 3).

Petitioner claims that on October 23, 2012, he learned that "Custody Staff" did not mail the notice of appeal. (*Id.* ¶ 4). He claims that the notice of appeal was returned to him without any verbal or written explanation as to why it was not mailed. (*Id.*)

Petitioner contends that he then prepared a second mailing. (*Id.* at ¶ 5). The mailing is alleged to include a second notice of appeal, accidentally dated October 25,

and a proof of service dated October 23. (*Id.*) These documents appear in this Court's docket. (Docket No. 69). The envelope in which the documents were sent to this Court is labeled "confidential legal mail dated 10/23/12" and bears a postmark of October 24, 2012. (Docket 69, at p. 3). Petitioner also claims to have included the original proof of service with a one-page "motion for equitable tolling explaining that prison officials interfered with my mail." (Gray Decl. at ¶ 5). In his earlier declaration to the Ninth Circuit, Petitioner represented that the motion for equitable tolling and extension had a proof of service dated October 23 addressed to the Court of Appeals and Attorney General. (C.A. Docket No. 4, at p. 9). The Notice of Appeal was filed by this Court on October 26, 2012. (Docket No. 69). A request for a certificate of appealability, dated October 23, 2012, was filed on the same day. (Docket No. 70).

Review of this Court's docket indicates that it received a notice of appeal dated October 25 and proof of service dated October 23. (Docket No. 69). The docket also contains a copy of the envelope in which the documents were received. However, the docket does not contain either the alleged motion for equitable tolling or the original copy of the proof of service which Petitioner claimed to have included. The documents similarly do not appear on the Ninth Circuit's docket sheet. The Attorney General represents to this Court that it has no indication that it ever received a notice of appeal or proof of service dated October 21, 2012, or that it ever received a motion for equitable tolling. (Resp. at 4-5). Review of the documents received by this Court on October 26, 2012 does not reveal any claim that Petitioner had difficulty mailing his notice of appeal. Indeed, Petitioner's claims first appear in the record in March 2013, when Petitioner filed a motion for reconsideration of the Ninth Circuit's order dismissing the appeal for lack of jurisdiction.

### III. Finding of Fact

This Court **FINDS** that Petitioner failed to file a timely notice of appeal. The documents before this Court indicate that the documents were signed on October 23 and delivered to prison officials no earlier than October 23. As the deadline for a

1  timely appeal was October 22, this appeal was untimely.

2      The Court acknowledges that if the facts were as Petitioner claims them to be, and he delivered his notice of appeal to prison officials on October 21, 2012, his notice of appeal was timely. Under the "mailbox rule," a notice of appeal is timely if the prisoner deposited the notice in the institution's internal mail system on or before the last day for filing. FED. R. APP. P. 4(c). The Ninth Circuit has held that the prison mailbox rule applies when a document is not filed with the court clerk, so long as he "diligently follows up once he has failed to receive a disposition from the court after a reasonable period of time." *Huizar v. Carey*, 273 F.3d 1220, 1223 (9th Cir. 2001) (discussing habeas petitions and finding the same rule applies as in the case of a notice of appeal).

    However, this Court finds that Petitioner has failed to produce any evidence, beyond self-serving declarations, that he ever attempted to mail documents on October 21, 2012. Although Petitioner claims to have included both a motion for equitable tolling and a copy of his original proof of service in his filing with this Court, no such documents appear. No court documents mention an effort to file on October 21 until Petitioner moved for reconsideration of the denial of his appeal for lack of jurisdiction. Petitioner has not presented any items he claims to be the original notice of appeal or envelope. Prison records only indicate a mailing to the Ninth Circuit on October 24, 2012, presumably the October 23, 2012 documents whose envelope is stamped with a date of October 24, and do not reflect any mailing or failed attempt to mail anything on October 21, 22, or 23. (Resp., Exh. A, B).

    Thus, although documentary evidence of some kind should be available, Petitioner has presented no basis from which this Court could conclude that he attempted to mail a notice of appeal on October 21, other than his own declaration. This is insufficient. *See Oliver v. Comm'r of Mass. Dept. of Corrections*, 30 F.3d 270, 272 (1st Cir. 1994) (insufficient evidence that the petitioner submitted his notice of appeal before the filing deadline where the only evidence was an unsupported affidavit,

no copy of the purported notice of appeal was produced, and there was no reference to the earlier notice in later court filings). Even if prison officials refused to mail his letter and did not record the attempt, Petitioner's recitation is inconsistent with the fact that the original documents, which he states were returned to him, do not appear in this Court's records. An unsupported allegation cannot suffice to excuse mandatory deadlines.

This Court therefore finds that there is insufficient evidence to show that Petitioner delivered a notice of appeal prior to the expiration of the statutory deadline. This Court finds that Petitioner's Notice of Appeal was untimely.

Dated: December __, 2013

HON. ROGER T. BENITEZ
United States District Judge